IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN S. McTIGUE,

                    Petitioner,

          v.                          CASE NO. 05-3267-SAC

STATE OF KANSAS, et al.,

                    Respondents.


O R D E R

     This matter is before the court on petitioner's motion to alter
or amend judgment, supporting memorandum, and supplement (Docs. 14-
16).  Petitioner seeks relief from the judgment dismissing this
petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.
Petitioner was represented by counsel in this matter but now
proceeds pro se.

**Background**

     Following an initial review of the record, the court directed
petitioner to show cause why this matter should not be dismissed due
to his failure to commence this action within the one-year
limitation period in 28 U.S.C. § 2244(d).

     The court granted three extensions of time for a response but
denied further requests for additional time.  By an order entered on
November 28, 2005, the court dismissed the matter as untimely.

     On December 12, 2005, the petitioner, proceeding pro se, filed

the instant motion to alter or amend judgment seeking the reinstatement of his petition. On May 4, 2006, he filed a supplement to the motion to alter or amend. Attached to that order was a copy of any order entered on January 23, 2006, in the District Court of Neosho County, Kansas.

### Discussion

Petitioner first seeks relief on the ground that he timely appealed from the denial of his post-conviction motion. Petitioner asserts that he properly filed a notice of appeal in the district court.

This ground, even if taken as true, does not warrant relief. The petitioner's conviction became final ninety days after the Kansas Supreme Court denied the petition for review on May 3, 2000. The limitation period then ran until the petitioner filed a post-conviction action pursuant to K.S.A. 60-1507. The exact date of the filing has not been identified in this record, but the filing took place in early 2001. Therefore, the limitation period had run for at least five months before it was tolled by that filing.

The post-conviction action was denied in December 2002, and petitioner sought appellate review. Review of that matter was denied by the Kansas Supreme Court on September 14, 2004, and the limitation period ran from that date until this petition was filed on September 15, 2005, a period of approximately nine months.

Because these combined periods exceed the one-year limitation period, even without reference to the appeal from the state post-conviction action, this action was not filed in a timely manner.

2

Petitioner next alleges this matter should be allowed to proceed because his retained counsel failed to file this matter in a timely manner.

This position has been squarely rejected by the Tenth Circuit. In <u>Gunderson v. Abbott</u>, 172 Fed. Appx. 806, 2006 WL 752038, *3 (10th Cir. 2006)[1], the court stated:

> attorney error is generally not a basis for equitable tolling of the federal habeas deadline. <u>See,</u> <u>e.g.,</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 169 (3d Cir.2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); <u>Rouse v. Lee</u>, 339 F.3d 238, 248 (4th Cir.2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); <u>United States v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir.2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]").

Accordingly, the failure of petitioner's counsel to timely file this action is not a ground for relief from the judgment of dismissal in this action.

Petitioner next seeks equitable tolling on the ground of actual innocence. He asserts that he did not commit the aggravated assaults of which he was convicted, and he alleges that he was wrongly convicted of manufacturing a controlled substance. He states that, "[a]t best, the circumstantial evidence shows nothing more than possession of paraphernalia and possession of a controlled

---

[1] A copy of that unpublished order is attached.

substance," and he asserts that he "was convicted in the second manufacturing case based upon evidence that police failed to discover and confiscate during the first search of the residence." Doc. 15, p.4.

Such claims, however, are only challenges to the sufficiency of the evidence and not a showing of actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995)(a petitioner must support a claim of innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"). The court finds no basis for equitable tolling is presented.

Fourth, petitioner alleges the one-year limitation period codified in 28 U.S.C. § 2244(d) is unconstitutional. He claims the statutory provision is a legislative act asserting an "arbitrary time limitation [which] should somehow preempt the citizens constitutional rights...." The court construes this claim to assert a challenge based upon the Suspension Clause, U.S. Const. art. I, § 9, cl. 2.[2]

Such claims, however, have been rejected by the courts. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(restrictions on successive petitions in AEDPA did not violate Suspension Clause); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(finding petitioner had failed to demonstrate one-year limitation period violated Suspension Clause; limitations period does not bar habeas corpus petitions but

---

[2]

The Suspension Clause states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

requires them to be filed within a reasonable time).

Finally, the petitioner provides a copy of an order entered in the District Court of Neosho County on January 23, 2006, to demonstrate that a motion to correct illegal sentence was pending and tolled the limitation period. (Doc. 16, Attach.)

The present action challenges the petitioner's conviction in Case No. 96 CR 228C. (Doc. 1, p. 1.) The order of the state district court, however, references only Case Nos. 96 CR 455 and 97 CR 125. In addition, the state court docket sheet in Case No. 96 CR 228C[3] does not reflect that any motion to correct illegal sentence was filed in that case. Accordingly, the court finds no tolling occurred.

IT IS THEREFORE, BY THE COURT ORDERED the motion to alter or amend judgment (Doc. 14) must be denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 1st day of August, 2006, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[3]A copy of that record is attached.